IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ARCHIE NUNN                                                                                           PLAINTIFF

v.                                                                        CIVIL ACTION NO. 1:22-CV-34-SA-DAS

JOHN M. DICKERSON                                                                                DEFENDANT

ORDER

On February 28, 2022, Archie Nunn, proceeding *pro se*, initiated this lawsuit by filing his Complaint [1] against John M. Dickerson. On May 3, 2022, Dickerson filed a Motion to Dismiss [6], requesting that the Court dismiss Nunn's claim based upon insufficient service of process. Nunn has not responded to the Motion [6], but his time to do so has long passed. The Court is prepared to rule.

*Relevant Background*

Dickerson works as a state trooper for the Mississippi Highway Patrol. In his *pro se* Complaint [1], Nunn alleges that Dickerson arrested him on November 6, 2021, in Louisville, Mississippi. Nunn's Complaint [1] includes the following allegations concerning the arrest:

> State trooper charge Pliantiff [sic] with DUI without witness Plaintiff driving, or a B.A.C. test, when I was already under arrest

[1] at p. 4.

He includes "false arrest, abuse of power, illegal arrest" as the basis for his claims, and he also appears to allege that Dickerson failed to properly explain his *Miranda* rights to him upon arrest. *Id*. at p. 3.

On April 14, 2022, Nunn filed a Proof of Service [4]. Through the present Motion [6], Dickerson seeks dismissal of Nunn's claims based upon improper service of process. He also

alleges that allowing amended service of process would be futile because Dickerson is immune from suit.

*Analysis and Discussion*

Dickerson moves for dismissal based upon insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. "[A] Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharmaceutical Co., Inc.*, 389 F. App'x 688, 691 n. 3 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2s 1344, 1346 (5th Cir. 1992)).

Nunn's service of process was defective. First, the Proof of Service [4] indicates that Nunn personally served a copy of the summons on the "State Trooper Office" and left the summons with "Kellie Hamill (Office Clerk)." [4] at p. 1. Rule 4(c)(2) of the Federal Rules of Civil Procedure clearly states that service may be accomplished by "[a]ny person who is at least 18 years old *and not a party*[.]" FED. R. CIV. P. 4(c)(2) (emphasis added). As a party to this lawsuit, Nunn cannot himself serve the summons and complaint. By doing so, he clearly ran afoul of the plain language of Rule 4(c)(2).

Second, Dickerson contends that, although Nunn served a copy of the summons on Hamill, the summons did not have attached to it a copy of the Complaint [1]. Rule 4(c)(1) specifically states that "[a] summons must be served *with a copy of the complaint*." FED. R. CIV. P. 4(c)(1) (emphasis added). By failing to attach a copy of the complaint to the summons, Nunn did not comply with Rule 4(c)(1).

2

Dickerson also notes that, despite suing Dickerson is his official capacity, Nunn failed to comply with Rule 4(j)(2), which requires that Nunn also serve the state-created entity (in this case, the Mississippi Department of Public Safety). *See generally Omobude v. Miss. Dep't of Fin. & Admin.*, 2011 WL 346522, at *1 (S.D. Miss. Jan. 31, 2011).

For all of these reasons, Nunn has failed to properly complete service of process upon Dickerson. Despite Nunn's failures, the Court notes his status as a *pro se* litigant. This Court has on numerous occasions expressed that *pro se* litigants should be extended some leniency; however, a litigant's *pro se* status does not negate the duty to comply with general rules of litigation. *See, e.g., Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to pro se litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) ("It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'").

Balancing these interests, the Court finds that Nunn should be permitted a limited amount of time to properly effectuate service of process. *See* Fed. R. Civ. P. 4(m) (explaining that, if service of process is not perfected within 90 days, the court must dismiss the action *unless the plaintiff shows good cause for the failure to do so*). The Court hereby grants Nunn forty-five (45) days from today's date to complete service of process on Dickerson.[1]

The Court also notes that Nunn has filed a Motion to Amend [12] his Complaint. As to motions to amend, the Local Uniform Civil Rules state that "a proposed amended pleading must

---

[1] The Court notes Dickerson's argument that amendment would be futile. However, in order to extend leniency to Nunn, the Court will permit an extended period of time to complete service of process. If Nunn completes service of process, Dickerson may certainly raise these arguments for dismissal, and the Court will take them up at that time.

be an exhibit to a motion for leave to file the pleading[.]" L. U. CIV. R. 7(b)(2). Nunn did not comply with this requirement. The Motion to Amend [12] is DENIED *without prejudice*.

*Conclusion*

For the reasons set forth above, Nunn shall have forty-five (45) days from today's date to complete service of process. Should he fail to file an amended proof of service on the docket by that time, the Court will dismiss the case without further notice. Consistent with that ruling, Dickerson's Motion to Dismiss [6] is DENIED *without prejudice*. Dickerson may re-raise any defenses if/when service of process is completed. Nunn's Motion to Amend [12] is DENIED *without prejudice*.

SO ORDERED, this the 10th day of August, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE